IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT BODDY,           : | |
|     Plaintiff,        : | |
| : | |
| v.                     : | CIVIL ACTION NO. 21-CV-1183 |
| : | |
| JENNIFER SIMMONS, *et al.*,   : | |
|     Defendants.      : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                   **MARCH 25, 2021**

Lamont Roland Boddy has filed a Complaint (ECF No. 2) and Application to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Boddy is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**

Boddy's Complaint names the following individuals as Defendants in this action: (1) Jennifer Simmons; (2) Ahmed Smith; (3) Linda Smith; (4) Julie Manser; and (5) Diane Simmons. He alleges that these individuals have "filed dozens of false police reports and committed blat[a]nt perjury dozens of times" as it relates to Boddy, although Boddy provides no factual context for these allegations. (ECF No. 2 at 2-3.)[1] (*Id.*) However, a review of Boddy's Complaint in this action makes clear that it is essentially an identical version of the complaint Boddy previously filed with the Court on November 13, 2020 in *Boddy v. Simmons, et al.*, Civ. A. No. 20-5656 (E.D. Pa.) (2020) (hereinafter, "*Boddy I*").

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

In a Memorandum dated December 1, 2020, the Court explained that the complaint in *Boddy I* asserted claims for slander, libel, defamation, and intentional tort against four of the five Defendants named in the current Complaint: Jennifer Simmons, Ahmed Smith, Linda Smith, and Julie Manser.[2] (*See* Memorandum, ECF No. 5 at 1-2.) With respect to his original complaint in *Boddy I*, the Court went on to note that:

> Boddy alleges that "[a]ll the defendants at some point filed false police reports, committed blatant perjury, [and have] been physically and verbally abusive" to him, adding that they have "conspired to provid[e] false statement[s] and perjur[ed testimony] to have [Boddy] arrested." . . . He also claims that Defendants have "[t]old public lies about [his] mental health" and that of his family. . . . Boddy asserts that he has "suffered extreme depression & anxiety from all the lies spread" about him verbally, as well as those posted on social media. . . . Despite his pleas for Defendants to "stop their actions[,]" Boddy claims that they have "just continued their behavior" from approximately 2007 through the present day. . . . Boddy seeks $220,000 in damages for mental health treatments and transportation.

(*Id.* at 1) (citations omitted). After granting Boddy leave to proceed *in forma pauperis*, the Court dismissed Boddy's complaint in *Boddy I*, finding that there was no subject matter jurisdiction over his claims. (*Id.* at 2-3.) Specifically, the Court determined that there was no factual basis to support the exercise of federal question jurisdiction over Boddy's claims. (*Id.* at 3, n.2). The Court also found that Boddy failed to meet his burden to demonstrate a basis for diversity jurisdiction because all of the parties involved were citizens of Pennsylvania and complete diversity was lacking. (*Id.* at 3.) The dismissal of Boddy's claims in *Boddy I* was without prejudice to Boddy's right to refile his case in the proper state court. (*Id.*)

The Complaint in the present action, *Boddy v. Simmons, et al.*, Civ. A. No. 21-1183 (E.D. Pa.) (2021) (hereinafter, "*Boddy II*"), again only seeks to bring claims that arise under

---

[2] Diane Simmons is the only Defendant named in this action that was not named as a Defendant in *Boddy I*.

Pennsylvania state law for slander, libel, defamation, assault, and intimidation.  (ECF No. 2 at 2.) Like the complaint in *Boddy I*, the Complaint here fails to provide much factual background for Boddy's claims.  However, Boddy again alleges that the Defendants have abused him and caused him emotional trauma which have resulted in "strokes, physical distress, PTSD, weight loss, vision loss, severe depression, [and] high anxiety[.]"  (*Id.* at 3.)  He also claims again that these Defendants "filed dozens of false police reports and committed blat[e]nt perjury dozens of times."  (*Id.*)

## II.   STANDARD OF REVIEW

Boddy's application to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Boddy is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

As was the case in *Boddy I*, this Court lacks subject matter jurisdiction to rule on the claims asserted in *Boddy II*.  As the Court previously explained, a district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even

though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Despite the dismissal of the claims in *Boddy I* for lack of subject matter jurisdiction because all parties were alleged to be citizens of Pennsylvania, Boddy's most recent Complaint alleges nearly identical state law claims against nearly identical Defendants.  Once again, Boddy also alleges that the Defendants are citizens of Pennsylvania and that he is also a citizen of Pennsylvania.  Because all parties are alleged to be Pennsylvania citizens, Boddy has again failed to meet his burden to demonstrate a basis for diversity jurisdiction.[3]  Accordingly, Boddy's claims will be dismissed without prejudice for want of subject matter jurisdiction.[4]

---

[3] Although Boddy asserts that the Court may properly exercise subject matter jurisdiction over his claims on the basis of federal question jurisdiction, the Court's review of Boddy's Complaint provides no factual basis to support the exercise of federal question jurisdiction here.

[4] This case represents the second dismissal of Boddy's state law claims against these Defendants for lack of subject matter jurisdiction because complete diversity is lacking.  Any additional filing with this Court alleging the same claims against these same Defendants is likely to suffer from the same deficiency.  State law claims between citizens of the same state belong in state court.  *See Fulkerson v. City of Lancaster*, 801 F. Supp. 1476, 1486 (E.D. Pa. 1992), *aff'd*, 993 F.2d 876 (3d Cir. 1993) ("This action is essentially a tort case between citizens of the same state, and as such it belongs in the state court system.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Boddy leave to proceed *in forma pauperis* and dismiss the Complaint for lack of subject matter jurisdiction. The dismissal of Boddy's claims is without prejudice to his right to refile this case in the proper **state** court. An appropriate Order follows.

**BY THE COURT:**

<u>/s/ Juan R. Sánchez</u>
**JUAN R. SÁNCHEZ, C.J.**